IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| BECKY GROVES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | 7 :13-CV-117 (HL) |
| CAROYLN W. COLVIN, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**RECOMMENDATION**

Plaintiff herein filed this Social Security appeal on August 26, 2013, challenging the Commissioner's final decision denying her application for disability benefits, finding her not disabled within the meaning of the Social Security Act and Regulations.  (Doc. 1).  Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c).   All administrative remedies have been exhausted.

*Legal Standards*

In reviewing the final decision of the Commissioner, this Court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *Hoffman v. Astrue*, 259 Fed. Appx. 213, 216 (11th Cir. 2007). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991).

In reviewing the ALJ's decision for support by substantial evidence, this Court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

Under the regulations, the Commissioner evaluates a disability claim by means of a five-step sequential evaluation process. 20 C.F.R. § 404.1520. In Step One, the Commissioner determines whether the claimant is working. In Step Two, the Commissioner determines whether a claimant suffers from a severe impairment which significantly limits her ability to carry out basic work activities. At Step Three, the Commissioner evaluates whether the claimant's impairment(s) meet or equal a listed impairment in Appendix 1 of Part 404 of the regulations. At Step Four, the Commissioner determines whether the claimant's residual functional capacity will allow a return to past relevant work. Finally, at Step Five, the Commissioner determines whether the claimant's residual functional capacity, age, education, and work experience allow an adjustment to other work.

*Administrative Proceedings*

Plaintiff filed an application for Supplemental Security Income benefits in February of 2009. (Tr. 16, 104). Her claim was denied initially and upon reconsideration. (Tr. 31-33, 79-81, 89-92). A hearing was held before an Administrative Law Judge ("ALJ") on January 13, 2012, and in a hearing decision dated February 23, 2012, the ALJ determined that Plaintiff was not

disabled. (Tr. 16-30, 552-591). The Appeals Council subsequently denied review and the ALJ's decision thereby became the final decision of the Commissioner. (Tr. 6-9).

*Statement of Facts and Evidence*

Plaintiff was forty-three (43) years of age at the time of the hearing before the ALJ, and alleged disability since December 14, 2006 as a result of lower back problems. (Tr. 16, 114, 116). Plaintiff graduated from high school with a special education certificate, and has no past relevant work experience. (Tr. 28, 122).

As determined by the ALJ, Plaintiff suffers from the following severe impairments: "borderline intellectual functioning, spondylosis, degenerative disc disease, with radiculopathy, and obesity". (Tr. 18). The ALJ found that Plaintiff did not have an impairment or combination thereof that met or medically equaled a listed impairment, and she remained capable of performing sedentary work

> except she must avoid climbing ladders, ropes, and scaffolds, kneeling, crouching, and crawling; can occasionally climb ramps or stairs, balance, and stoop; can occasionally tolerate exposure to extreme heat, extreme cold, excessive vibration, moving machinery, and unprotected heights; is limited to simple, routine, and repetitive tasks in a work environment involving only simple work-related decisions, with few, if any, workplace changes; and should be employed in an occupation requiring at most a math and language level of 1 and a reasoning level of 2.

(Tr. 19, 21). The ALJ considered Plaintiff's age, education, work experience, and residual functional capacity, and applied the Medical-Vocational Guidelines to determine that Plaintiff remained capable of performing jobs that existed in significant numbers in the national economy. (Tr. 28-29).

*Discussion*

Plaintiff maintains that the ALJ erred when he found that Plaintiff's impairments did not

3

meet or medically equal listing 12.05C, which addresses intellectual disabilities.  (Doc. 13); *See* 20 C.F.R. Ch. III, Pt. 404, Subpt. P, App 1.

In order to establish that her impairments meet or equal one or more of those set out in the List of Impairments (Appendix 1, 20 C.F.R. Part 404), a claimant must present specific medical findings that meet the tests for the applicable impairment or medical evidence that demonstrates how the impairment is equivalent to the listings.  *Bell v. Bowen*, 796 F.2d 1350, 1353 (11th Cir. 1986) (finding the plaintiff must "present specific medical findings that meet the various tests listed under the description of the applicable impairment or, if in the alternative [s]he contends that [s]he has an impairment which is equal to one of the listed impairments, the claimant must present medical evidence which describes how the impairment has such an equivalency"); *Wilkinson v. Bowen*, 847 F.2d 660, 662 (11th Cir. 1987).  "For a claimant to show that [her] impairment matches a listing, it must meet *all* of the specified medical criteria.  An impairment that manifests only some of those criteria, no matter how severely, does not qualify."  *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

Listing 12.05, entitled "Intellectual disability", provides that "[i]ntellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22."  20 C.F.R. Ch. III, Pt. 404, Subpt. P, App 1.  Part C dictates a finding of disability when a claimant has a "valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function[.]"  *Id.*  "To be considered for disability under section 12.05, a claimant must at least (1) have significantly subaverage general intellectual functioning; (2) have deficits in adaptive behavior; and (3) have manifested deficits in adaptive

4

behavior before age 22." *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997).

Plaintiff asserts that she has deficits in adaptive functioning, and thus, meets the severity requirements of Listing 12.05C. (Docs. 13, 16). The ALJ found that there was "no evidence establishing deficits in adaptive functioning in the claimant's file before age 22 or after." (Tr. 19). "Adaptive functioning refers to how effectively individuals cope with common life demands and how well they meet the standards of personal independence expected of someone in their particular age group, sociocultural background, and community setting." *Syler v. Colvin*, 2014 WL 1092751, *8 (S.D. Ala. March 20, 2014) (citations omitted). "If a claimant has been able to adapt in functioning after age 22, it is permissible to find that Listing 12.05C has not been met." *Monroe v. Asture*, 726 F.Supp.2d 1349, 1355 (N.D. Fla. 2010).

Plaintiff completed high school in the Mildly Intellectually Disabled program, and earned a special education certificate. (Tr. 158, 122, 559). Plaintiff worked briefly while she was in school, but stopped working to take care of her father and mother, and testified that she "just didn't try to get a job." (Tr. 559-560, 569, 577). In her Function Report of April 2009, Plaintiff stated that she does housework, cooks complete meals, takes care of her husband and her son (who was 4 at the time of the hearing), and does laundry. (Tr. 125-127). Plaintiff also reported that she drives, shops for groceries, goes to church, and pays bills, counts change, handles a savings account, and uses a checkbook or money orders. (Tr. 128-129). She stated that she does not need to be reminded to go places, and does not need someone to accompany her places. (Tr. 129). However, she testified at the hearing before the ALJ in January 2012 that she always has someone go with her. (Tr. 577).

During a consultative examination with Dr. Carden in 2010, Plaintiff's "[r]apport was adequate, and she was cooperative and polite. She spoke coherently without any noticeable

irregularities." (Tr. 326). Plaintiff's thought processes were logical and coherent, her "recall for immediate, recent and remote events was fair, . . . [and h]er speech was normal and use of language was adequate, although fairly concrete." (Tr. 326). Plaintiff's judgment and decision-making appeared average for her age. (Tr. 326). Dr. Carden opined that

> [Plaintiff's] reported adaptive functioning appears to be age appropriate. She has a valid driver's license and is able to drive herself. She is able to care for her 2 year old son and maintain her household. She and her husband both manage household finances. [Plaintiff] appears to understand and retain simple instructions and to be able to complete simple multi-step tasks without assistance. Concentration and task persistence are adequate for carrying out simple tasks (such as chores or meal preparation) and for sustaining routines (such as caring for her son). Social interactions are adequate for asking questions and relating to the general public. Adaptation is currently sufficient for avoiding ordinary hazards (such as driving), adjusting to changes in routine, and setting realistic goals. [Plaintiff] is capable of managing finances.

(Tr. 327).

Plaintiff's brother-in-law, Buford Groves, completed a Function Report — Adult – Third Party in June 2009. (Tr. 137-144). Mr. Groves stated that Plaintiff "takes care of her family, run[s] errands, keeps house, pays bills, [and] attends church and family functions[.]" (Tr. 137). He also reported that Plaintiff has no problems with personal care, drives a car, prepares meals, shops, and Plaintiff is able to count change, handle a savings account, and use a checkbook or money order. (Tr. 138-140). Mr. Groves stated that Plaintiff has no problem paying attention, finishing what she starts (i.e. a conversation, chores, reading, watching a movie), and is good at following spoken instructions. (Tr. 142).

There is substantial evidence in the record to show that Plaintiff does not have sufficient deficits in adaptive functioning to meet the introductory paragraph of Listing 12.05. *See Harris v. Comm'r of Soc. Sec.*, 330 Fed. Appx. 813, 815 (11th Cir. 2009) (finding claimant did not have

necessary deficits in adaptive functioning when he performed well in special education classes, was able to hold several jobs, could dress and bathe himself, take care of his personal needs, and manage money); *Garrett v. Astrue*, 244 Fed. Appx. 937, 939 (11th Cir. 2007) (finding no adaptive functioning deficits when the claimant was able to perform simple chores, attend church, watch television, play cards, walk in the mall, and the claimant testified that with proper instruction he could return to his job as a stock assistant).  As there is substantial evidence to show that Plaintiff does not have deficits in her adaptive functioning, the ALJ did not err when he determined that Plaintiff did not meet Listing 12.05C.

*Conclusion*

As the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g).  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED** this 12th day of June, 2014.

s/ ***THOMAS Q. LANGSTAFF*** 
**UNITED STATES MAGISTRATE JUDGE**

llf